# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| ANTHONY W. ALEXANDER, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV608-015 |
| | ) | [CR605-025] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Anthony Alexander has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has responded in opposition to the motion. (Doc. 5.)

## I. BACKGROUND

On September 16, 2005, a federal grand jury returned an indictment charging Alexander with one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Cr. Doc. 1.) He

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV608-015. "Cr. Doc." refers to documents filed under movant's criminal case, CR605-025.

was found guilty by a jury, and on April 26, 2006, he was sentenced to 108 months' imprisonment and three years' supervised release. (Cr. Docs. 33, 36.)

Alexander appealed, contending that the evidence was not sufficient to sustain his conviction because it failed to establish that he intended to download child pornography. United States v. Alexander, 214 F. App'x 880, 881 (11th Cir. 2006). Alexander also challenged the sentencing judge's imposition of three specific-offense enhancements at sentencing: (1) an enhancement for material that shows children under the age of twelve, (2) an enhancement for having more than six hundred child pornography images on his computer, and (3) an enhancement for material that shows sadistic or masochistic images. Id. at 882. On December 7, 2006, the Eleventh Circuit affirmed his conviction. Id.

Alexander is currently incarcerated at the Federal Correctional Institution in Milan, Michigan. (Doc. 1 at 4.) His timely 28 U.S.C. § 2255 motion, filed on March 7, 2008, asserts that his trial counsel performed ineffectively by failing to call a computer expert at trial to explain to the jury that he did not intentionally download and access the child pornography images on his computer. (Id. at 2-3.)

## II. ANALYSIS

To establish ineffective assistance of counsel, Alexander must satisfy the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, he must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, he must demonstrate that the defective performance prejudiced his defense to such a degree that the results of the trial are called into question. Id.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990); Brooks v. United States, 248 F. App'x 77, 80 (11th Cir. 2007). The reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing

3

courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted). The decision to call some witnesses and not others is "the epitome of a strategic decision" and is one that the courts "seldom, if ever, second guess." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995).

Under the second prong, movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

With these considerations in mind, the Court will now address Alexander's ineffective assistance claim.

Alexander claims that his trial attorney "did not seek court funds to retain a computer expert," and that as a result he "did not have a computer expert testify on his behalf at trial to offset the testimony from

4

the government's witnesses." (Doc. 1 at 2.) He contends that "[a] computer expert for the defense could have explained to the jury that the evidence obtained from [his] lap-top computer was not intentionally downloaded and accessed." (Id. at 3.) He alleges that because counsel failed to retain an expert, he "essentially had to be his own computer expert, offering the technical explanations of file downloading and access," and that his "technical testimony necessarily carried significantly less weight with the jury tha[n] the testimony of a computer expert."[2] (Id.)

---

[2] On June 12, 2008, Alexander filed a "Memorandum" asserting for the first time that he was not given access to a copy of his computer's hard drive prior to trial and that the government submitted "the last 10 photos viewed on the laptop" on the morning of trial without giving him an opportunity to view them prior to their introduction. (Doc. 6 at 3.) The Court will not address these claims for two reasons.

First, after a party has been served with a responsive pleading, he may amend his pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); see Rule 12, Rules Governing § 2255 Proceedings (explaining that a court may apply the Federal Rules of Civil Procedure in any lawful manner not inconsistent with the Rules Governing § 2255 Proceedings). The United States responded to Alexander's motion on May 12, 2008. (Doc. 5.) Alexander filed his "Memorandum" one month later, on June 12, 2008, without securing the government's written consent or this Court's permission. (Doc. 6.) Accordingly, the Court will not consider these new claims.

Additionally, even if the Court were to allow Alexander to assert these claims, they would be denied as time-barred. Rule 15(c) permits an amendment to relate back to the date of the original pleading only when the claim asserted in the amended pleading arises out of the same conduct, transaction, or occurrence set forth in the original pleading. Fed. R. Civ. P. 15(c). These claims do not arise out of the same conduct, transaction, or occurrence as his ineffective assistance claim and, therefore,

5

According to Alexander's trial attorney, prior to trial he and Alexander discussed whether they should hire a computer expert and decided not to since Alexander "considered himself to be a computer expert and repeatedly stated that his computer knowledge was equal to or greater than that of the government agents or experts." (Doc. 5, Ex. C.)[3] Alexander concedes that he spoke with his attorney about hiring an expert computer witness, making his attorney aware of his own "computer capabilities." (Id.) Alexander contends, however, that his attorney told him that his "presiding Judge probably would not approve the funds for a computer expert to testify . . . ," but that because of Alexander's own computer expertise, he could be an expert witness in his

---

they cannot relate back to the date of his timely filed original petition. Alexander's conviction became final on March 7, 2007, when the ninety-day period for seeking certiorari with the United States Supreme Court expired. See Jackson v. Sec'y for Dep't of Corrs., 292 F.3d 1347, 1349 (11th Cir. 2002). Accordingly, he had until March 7, 2008 to file a § 2255 motion. He filed his motion that day. (Doc. 1.) Since these claims, asserted for the first time in Alexander's June 12, 2008 "Memorandum," do not relate back to Alexander's timely filed motion, they do not "escape AEDPA's one-year time limit." Mayle v. Felix, 545 U.S. 644, 650 (2005).

[3] Alexander testified at trial that he received his first computer as a young teenager around 1980 and has been accessing the internet since 1997. (Cr. Doc. 40 at 166-67.) He asserted that he was familiar with computers, having taken computer classes and having taught PC "repair and networking classes." (Id. at 168.) He also testified that he was Cisco certified, having received a grade of 99 on his final examination, "one of the highest final exam scores at the time." (Id. at 156.) Alexander's employer explained that Alexander "was essentially his in-house computer expert" at the Swainsboro Fire Department, and Alexander testified that he worked with computers for the fire department "[a]ll the time." (Id. at 55, 156.)

own case. (Doc. 3 at 2.) Given Alexander's professed computer expertise, the Court finds that his trial counsel's "decision to not call the expert witness was not so patently unreasonable a strategic decision that no competent attorney would have chosen this strategy." Dorsey v. Chapman, 262 F.3d 1181, 1186 (11th Cir. 2001); Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998). Accordingly, his counsel did not perform deficiently by failing to retain a computer expert.

Additionally, Alexander cannot show that he was prejudiced by his attorney's failure to hire a computer expert. Alexander asserts that a computer expert could explain that "the evidence obtained from [his] laptop computer was not intentionally downloaded and accessed by [him]." (Doc. 1 at 3.) He avows that his "intent was to view adult pornographic activity and in [his] quest to fill that need, inadvertently material of children was downloaded to [his] hard drive." (Doc. 6 at 4.) A computer expert's testimony that Alexander did not intentionally download the child pornography on his computer would not change the result in Alexander's case, for there was abundant evidence in the record from which the jury could conclude that Alexander "knowingly" *possessed* child pornography. See 18 U.S.C. § 2252A(a)(5)(B) (making it a crime to

"knowingly" possess child pornography).[4] Although Alexander asserted during his trial that he did not intentionally search for images of child pornography, he admitted that he knew images of child pornography were included in the images he was downloading onto his computer. (Doc. 40 at 174); Alexander, 214 F. App'x at 882. In addition, the prosecution submitted a video in which Alexander admitted to law enforcement authorities that there were images of child pornography on his computer. (Doc. 40 at 28, 31, 44-50, 174-75, 177.) Even if the jury believed Alexander's testimony that he did not view or intend to obtain the images, they could have found him guilty of knowingly *possessing* the images. Further, the jury was free to disbelieve Alexander's testimony that he did not intentionally download and access child pornography, and there is no indication that a computer expert's testimony would have influenced the jury's factual finding of intent. More importantly, such an

---

[4] Additionally, Alexander's assertion that he did not "intend" to download child pornography images is suspect. In the sentencing recommendation, the probation officer noted that between October 2003 and January 2004, "Alexander personally downloaded over 2,500 images of child pornography." (Sentencing Recommendation at 1.) Contrary to Alexander's claim that "[m]ost of the pictures were adults and very few were indeed children," (doc. 6 at 3), "the majority of the pornographic images on his computer were of child pornography and not of adult pornography." (Sentencing Recommendation at 1.) In addition, Alexander's use of the search term "alt.binaries.adolescents" strongly suggests that he intentionally sought out images of child pornography. (Id.)

expert's testimony would not have contradicted the evidence in the record that "knowingly" possessed child pornography. Accordingly, Alexander's speculative claim that the testimony of a computer expert would have prompted the jury to ignore the other evidence against him does not amount to a showing of prejudice.

## III. CONCLUSION

Because Alexander fails to establish that his trial attorney performed deficiently or that he was prejudiced by counsel's failure to retain a computer expert, the Court finds that he fails to state grounds on which § 2255 relief may be granted. Accordingly, his motion should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 1st day of August, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA